## WASHUM v. WILSON MERCANTILE COMPANY.

### Opinion delivered October 6, 1924.

EQUITY—MULTIFARIOUSNESS.—A bill in equity is multifarious which seeks to unite in one action a suit to foreclose a mortgage against two defendants, and a cause of action at law against a third person, in the absence of a connection in interest among the defendants, creating a joint liability.

Appeal from Randolph Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*L. L. Gibson* and *W. P. Smith,* for appellant.

*G. G. Dent* and *Pope & Bowers,* for appellee.

WOOD, J. This action was instituted in the chancery court of Randolph County by the appellant against the appellee. The appellant alleged in substance in his complaint that J. J. and J. G. Brooks were indebted to him on notes in the sum of $550, which notes were secured by mortgage on certain property, which is described in the complaint; that the notes were past due and unpaid, and that the conditions of the mortgage had been broken; that these notes were held for collection by the Wilson

Mercantile Company (hereafter called company), as agent for the appellant; that the Brooks owed the company a large debt; that the company rendered to the Brooks a statement of their indebtedness, which statement is set forth in the complaint. The statement included the notes executed by the Brooks to the appellant; that, as an excuse for refusing to pay said indebtedness or to deliver the property to be sold under the power contained in the mortgage, the Brooks claimed that they had paid the amount of the notes to the company under a certain agreement which is set out in the complaint; that, if the notes were collected or settled for with the company, as claimed by the Brooks, the appellant is entitled to judgment against the company for the amount of the notes with interest; that, not knowing the merits of the claim of the Brooks, the appellant makes the company a party to the action in order to prevent a multiplicity of suits.

The appellees demurred to this complaint on the ground generally that it did not state a cause of action, also on the ground specifically that there was a misjoinder of parties. The court sustained the demurrer on the ground that there was a misjoinder of parties, and offered to allow the appellant to elect which of the parties defendant he would pursue. The appellant refused to make an election, and refused to plead further, standing upon his complaint. Whereupon the court rendered judgment dismissing the action as to the company, from which judgment the appellant duly prosecutes this appeal.

The appellant seeks to join a cause of action in equity against the Brooks for a decree on notes and the foreclosure of a mortgage to secure the same with an alleged cause of action against the company for money had and received by it as appellant's agent which it failed to pay over to him. This cannot be done, in the absence of an allegation in the complaint showing a connection between the Brooks and the company that would make them jointly liable to the appellant. Such is not the case here at all. If the Brooks paid the company as appellant's

agent, then appellant has no cause of action against them in equity to foreclose his mortgage. His sole and only remedy in such case would be a cause of action at law against the company for money had and received as appellant's agent. There is no connection whatever in interest between the Brooks and the company. The causes of action alleged in the complaint against the company and the Brooks are entirely separate and distinct. The one involves purely an action at law and the other in equity. There are no allegations of fact to justify joining these actions. The action against the company is purely one at law, in which the company would be entitled to a trial by jury, whereas the action against the Brooks is one in equity, in which they would not be entitled to a jury.

The law applicable to the facts alleged in the complaint is accurately stated in 21 C. J. 422, as follows: "A bill is multifarious which contains the demand of several matters of distinct and independent natures against several defendants, who may be respectively liable, but not as connected with each other. There must be some connection in interest among defendants against plaintiff." See also *Thornton N. Motley Co.* v. *Detroit Steel, etc., Co.* 130 Fed. 396; *Booneville National Bank* v. *Blakey,* 166 Ind. 427, 76 N. E. 529.

The decree of the court is correct, and it is therefore affirmed.

HART and SMITH, JJ., dissent.